DLM

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

RUSSELL SUMNER CORKUM : CIVIL NO.__________________

v.

THOMAS NG, M.D. : **JURY TRIAL DEMAND**

MARCH 14, 2008

CA 08 99S

**COMPLAINT**

**PARTIES**

1. Pursuant to 28 USC 1332, this case involves parties residing in two different states so diversity is present.

2. Mr. Russell Corkum is a citizen and resident of the State of Massachusetts.

3. Dr. Thomas Ng is a surgeon who practices in Providence Rhode Island. At all times mentioned herein, Dr. Ng was engaged in the practice of medicine in the State of Rhode Island.

4. The attached letter from Attorney Lisa Shamirian, of the Department of Veterans Affairs notes that Dr. Ng is an independent contractor and not covered by the Federal Tort Claims Act.

5. Dr. Ng was an independent contractor and private physician at the time of the surgery on March 15, 2005.

## GENERAL ALLEGATIONS

6. On March 15, 2005, Dr. Ng performed hyperhydrosis surgery consisting of bilateral thoracic sympathectomies at the Veteran's Administration Hospital in Providence.

7. The hyperhydrosis surgery was an elective procedure.

8. The hyperhydrosis surgery was intended to decrease palmar or hand sweating.

## INFORMED CONSENT

9. Dr. Ng owed the patient a duty to inform him of the materials risks of the procedure prior to its undertaking.

10. Dr. Ng was negligent by failing to inform the patient of the material risk of permanent and severe compensatory sweating caused by the surgery.

11. Due to Dr. Ng's failure to inform him, Mr. Corkum did not have the opportunity to evaluate the material risks of this procedure.

12. Mr. Corkum would not have elected to undergo the procedure had he been informed that he could lose his ability to be physically active and lose his ability to function in any climate that includes warm weather and humidity.

13. Dr. Ng never advised the plaintiff that the result of the surgery could render him completely unable to sweat from the chest up through his head.

14. Dr. Ng never advised the plaintiff that the result of the surgery could cause him to sweat uncontrollably from the waist down.

15. Dr. Ng never advised the plaintiff that following the surgery, Mr. Corkum's compensatory sweating and failure to sweat would leave him unable to reside in any climate with humidity, unable to pursue a career that involves physical challenges, and unable to enjoy sports and activity as he did before the surgery.

**MEDICAL MALPRACTICE**

16. On March 15, 2005, Dr. Ng performed bilateral thoracic sympathectomies at the Veteran's Administration Hospital in Providence.

17. Dr. Ng had a duty to perform the surgery with a reasonable degree of care.

18. Dr. Ng breached that duty by performing the surgery below the standard of care.

19. Dr. Ng's breach of the standard of care proximately caused severe and permanent injuries to Mr. Corkum.

**DAMAGES**

20. Due to Dr. Ng's negligence in failing to inform the plaintiff of the material risks of the procedure, and in failing to perform said procedure within the standard of care, plaintiff suffers physical pain, suffering, humiliation, discomfort, emotional distress and loss of earnings, loss of earning potential, loss of enjoyment of life and loss of

freedom to live and work in most of the climates of the world which include warm days and humidity.

21. The Plaintiff demands Judgment for Money Damages of $9,000,000.00, Costs of Suit, and such other relief as the Court may order.

RUSSELL S. CORKUM, pro se
71 Northwood Avenue
West Springfield, MA 01089
Tel: (413) 244-9406

Plaintiff hereby demands a jury trial.

Russell S. Corkum, pro se