UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

CIVIL ACTION
NO.: 08-99S

RUSSELL SUMNER CORKUM,
Plaintiff,
V.

THOMAS NG, M.D.,
Defendant.

# ***FIRST AMENDED COMPLAINT***

## Count I.

1. The plaintiff, Russell Sumner Corkum, is a resident of the State of Massachusetts.

2. The defendant, Thomas Ng, M.D., was at all times relevant to this complaint a physician licensed to practice his profession in the State of Rhode Island.

3. Pursuant to 28 U.S.C. §1332 (a), this case involves parties residing in two different states therefore the diversity requirement is met.

4. Pursuant to 28 U.S.C. §1332 (b), the plaintiff's claims exceed $75,000 therefore the diversity requirement is met.

5. At all times relevant to this complaint, the defendant, Thomas Ng, M.D., represented and held himself out to be a physician, skilled in the treatment of various illnesses and conditions and, in particular, represented to the plaintiff that he was knowledgeable, competent, and qualified to diagnose and treat the plaintiff's condition on or about 3/15/05.

6. On or about 3/15/05, the plaintiff submitted himself to the care and treatment of the defendant, Thomas Ng, M.D., who negligently, carelessly, and without regard for the plaintiff's health and well-being, treated the plaintiff in a manner resulting in the plaintiff's severe personal injuries.

7. The injuries sustained by the plaintiff, Russell Sumner Corkum, were the direct and proximate result of the carelessness, unskillfulness, negligence and improper care and treatment by the defendant, Thomas Ng, M.D., including, but not limited to the following:

1. Defendant's misrepresentations to the plaintiff that he was knowledgeable, skillful, and competent to diagnose and treat the plaintiff's medical condition on or about 3/15/05;

2. Defendant's failure to adequately and properly diagnose the plaintiff's medical condition on or about 3/15/05, and his failure to prescribe proper and timely treatment for said condition;

3. Defendant's failure to recognize, or have the knowledge to recognize his inability and lack of skill to diagnose and treat the plaintiff, when the defendant knew or should have known in the exercise of due care, the foreseeable consequences of his inability and failure to properly and skillfully provide the plaintiff with acceptable medical and diagnostic services;

4. Defendant's failure to possess or negligent failure to exercise that degree of skill, training, and care as is possessed and exercised by average qualified members of the medical profession practicing his specialty; and

5. Defendant's failure to inform and to warn of the risks involved in or associated with the plaintiff's condition and failure to inform and to warn about the treatment of said condition.

8. As a direct and proximate result of the negligence, carelessness, and unskillfulness of the defendant, Thomas Ng, M.D., the plaintiff, Russell Sumner Corkum, was caused to sustain severe and permanent personal injuries; has incurred and will continue to incur great expense for his medical, surgical, and hospital care and treatment; has suffered and will continue to suffer great pain of body and anguish of mind; has been and will continue to be hospitalized; has been and will continue to be unable to pursue normal activities; and his ability to enjoy life has been permanently adversely affected.

WHEREFORE, the plaintiff, Russell Sumner Corkum, prays judgment against the defendant, Thomas Ng, M.D., in an amount which is just and appropriate to compensate him for his injuries, together with interest and costs.

## Count II.

1. The plaintiff, Russell Sumner Corkum, repeats and reavers fully herein Paragraphs One through Five of Count I of this complaint as if each were set forth here in its entirety.

2. On or about 3/15/05, the defendant, Thomas Ng, M.D., contracted with the plaintiff to provide professional services related to the plaintiff's medical care and treatment.

3. The defendant, Thomas Ng, M.D., expressly and impliedly warranted to the plaintiff that he would perform and render said professional services in accordance with accepted standards for the practice of medicine, and that he would possess and exercise that degree of skill and care possessed and exercised by the average qualified members of the medical profession practicing his specialty.

4. On or about 3/15/05, the defendant, Thomas Ng, M.D., breached his express and implied warranties by failing to perform and render professional services in accordance with accepted standards for the practice of medicine, and by failing to possess and

exercise that degree of skill and care possessed and exercised by the average qualified members of the medical profession practicing his specialty.

5. As a direct and proximate result of the defendant, Thomas Ng, M.D.'s breach of express and implied warranties, the plaintiff, Russell Sumner Corkum, was caused to sustain severe and permanent personal injuries; has incurred and will continue to incur great expense for his medical, surgical, and hospital care and treatment; has suffered and will continue to suffer great pain of body and anguish of mind; has been and will continue to be hospitalized; has been and will continue to be unable to pursue normal activities; and his ability to enjoy life has been permanently adversely affected.

WHEREFORE, the plaintiff, Russell Sumner Corkum, prays judgment against the defendant, Thomas Ng, M.D., in an amount which is just and appropriate to compensate him for his injuries, together with interest and costs.

## Count III.

1. The plaintiff, Russell Sumner Corkum, repeats and reavers fully herein Paragraphs One through Five of Count I and Paragraphs One through Four of Count II of this complaint as if each were set forth here in its entirety.

2. On or about 3/15/05, average qualified members of the medical profession practicing the defendant's specialty knew or should have known of the risks, potential consequences and alternatives to the defendant's choice of treatment of the plaintiff.

3. On or about 3/15/05, the defendant, Thomas Ng, M.D., knew or should have known of the risks, potential consequences and alternatives to the defendant's choice of treatment of the plaintiff.

4. On or about 3/15/05, the defendant, Thomas Ng, M.D., did not inform the plaintiff of the alternatives to and risks and potential consequences of the defendant's choice of treatment of the plaintiff.

5. If the defendant, Thomas Ng, M.D., had informed the plaintiff of the alternatives to and risks and potential consequences of the defendant's choice of treatment of the plaintiff, neither the plaintiff nor a reasonable person in his position would have elected the defendant's choice of treatment.

6. The alternatives to and the risks and potential consequences of the defendant's choice of treatment were material to a decision by the plaintiff and a reasonable person in his position as to whether to undergo the defendant's choice of treatment.

7. As a direct and proximate result of the defendant, Thomas Ng, M.D.'s failure to inform the plaintiff of the alternatives to and risks and potential consequences of the defendant's treatment, the plaintiff, Russell Sumner Corkum, was caused to sustain severe and permanent personal injuries; has incurred and will continue to incur great expense for his medical, surgical, and hospital care and treatment; has suffered and will continue to suffer great pain of body and anguish of mind; has been and will continue to be

hospitalized; has been and will continue to be unable to pursue normal activities; and his ability to enjoy life has been permanently adversely affected.

WHEREFORE, the plaintiff, Russell Sumner Corkum, prays judgment against the defendant, Thomas Ng, M.D., in an amount which is just and appropriate to compensate him for his injuries, together with interest and costs.

## Count IV.

1. The plaintiff, Russell Sumner Corkum, repeats and reavers fully herein Paragraphs One through Five of Count I, Paragraphs One through Four of Count II and Paragraphs One through Six of Count III of this complaint as if each were set forth here in its entirety.

2. As a direct and proximate result of the defendant, Thomas Ng, M.D.'s negligence, breach of warranties and failure to obtain informed consent, the plaintiff, Russell Sumner Corkum, has suffered and will continue to suffer severe emotional distress resulting in substantial physical injury.

WHEREFORE, the plaintiff, Russell Sumner Corkum, prays judgment against the defendant, Thomas Ng, M.D., in an amount which is just and appropriate to compensate him for his injuries, together with interest and costs.

## Count V.

1. The plaintiff, Russell Sumner Corkum, repeats and reavers fully herein Paragraphs One through Five of Count I, Paragraphs One through Four of Count II and Paragraphs One through Six of Count III of this complaint as if each were set forth here in its entirety.

2. As a direct and proximate result of the defendant, Thomas Ng, M.D.'s negligence, breach of warranties and failure to obtain informed consent, the plaintiff, Russell Sumner Corkum, has incurred and will continue to incur great expense for his medical, surgical and hospital care and treatment.

WHEREFORE, the plaintiff, Russell Sumner Corkum, prays judgment against the defendant, Thomas Ng, M.D., in an amount which is just and appropriate to compensate him for his injuries, together with interest and costs.

PLAINTIFF CLAIMS TRIAL BY JURY.

Respectfully submitted,
The plaintiff,
By his attorney,

/s/ William J. Thompson
William J. Thompson
LUBIN & MEYER, P.C.
100 City Hall Plaza
Boston, Massachusetts 02108
(617) 720-4447
RI ID# 5947