UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

RUSSELL SUMNER CORKUM

v. C.A. No.: 08 99 S

THOMAS NG, M.D.

**ANSWER OF DEFENDANT THOMAS NG, M.D.**
**TO PLAINTIFF'S COMPLAINT**

Now comes Defendant, Thomas Ng, M.D., (hereinafter from time to time referred to as "defendant" or "this defendant") and hereby answers the Plaintiff's Complaint herein filed as follows:

**PARTIES**

1. Defendant is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 1, and therefore leaves the Plaintiff to his proof.

2. Defendant is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 2, and therefore leaves the Plaintiff to his proof.

3. Defendant admits that he is a Surgeon and admits that at all relevant times he was a physician engaged in the practice of medicine in the State of Rhode Island.

4. Defendant makes no response to the statement contained in Paragraph 4, as said paragraph merely purports to state the contents of an Exhibit to the Complaint and state a general proposition of law.

5. Defendant admits only that he was not employed by the Department of Veterans Affairs in March 15, 2005. Defendant Ng denies for lack of knowledge that he was a "private physician" as of March 15, 2005, as it is unknown the meaning of the words "private physician" in this context.

## GENERAL ALLEGATIONS

6. Defendant is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 6, and therefore leaves the Plaintiff to his proof thereof.

7. Defendant is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 7, and therefore leaves the Plaintiff to his proof thereof.

8. Defendant is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 8, and therefore leaves the Plaintiff to his proof thereof.

## INFORMED CONSENT

9. Defendant specifically denies the allegations contained in Paragraph 9.

10. Defendant specifically denies the allegations contained in Paragraph 10.

11. Defendant specifically denies the allegations contained in Paragraph 11.

12. Defendant specifically denies the allegations contained in Paragraph 12.

13. Defendant specifically denies the allegations contained in Paragraph 13.

14. Defendant specifically denies the allegations contained in Paragraph 14.

15. Defendant specifically denies the allegations contained in Paragraph 15.

## MEDCIAL MALPRACTICE

16. Defendant is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 16, and therefore leaves the Plaintiff to his proof thereof.

17. Defendant specifically denies the allegations contained in Paragraph 17.

18. Defendant specifically denies the allegations contained in Paragraph 18.

19. Defendant specifically denies the allegations contained in Paragraph 19.

## DAMAGES

20. Defendant specifically denies the allegations contained in Paragraph 20.

21. Defendant makes no response to the statement contained in Paragraph 21, as said paragraph merely purports to state Plaintiff's demand.

**FIRST DEFENSE**

Defendant denies all remaining and heretofore unanswered allegations contained in Plaintiff's Complaint.

**SECOND DEFENSE**

Without assuming the burden of proof by doing so, this Defendant asserts that the Plaintiff may have been guilty of conduct that caused and/or contributed to the injuries or damages complained of, and this Defendant asserts all applicable defenses relating to comparative negligence and contributory negligence.

**THIRD DEFENSE**

Without assuming the burden of proof by doing so, Defendant asserts all applicable defenses relating to assumption of the risk.

**FOURTH DEFENSE**

In the event that the Plaintiff suffered injuries and/or damages as a result of the incident(s) described in the Complaint (which allegations are specifically denied), Defendant avers that such injuries or damages were not caused, directly or indirectly, by any act of omission of Defendant, but such injuries or damages, if any, were caused by the intervening acts or omissions of persons and/or entities other than this Defendant, for which acts or omissions this Defendant is not liable.

**FIFTH DEFENSE**

Defendant raises all defenses applicable to insufficient process and service of process.

**SIXTH DEFENSE**

Defendant reserves the right to add additional defenses as facts become known during the course of pretrial discovery.

**WHEREFORE**, Defendant prays that Plaintiff take nothing by this action, and that Plaintiff pay all costs of defense.

Defendant Thomas Ng, M.D.
By his attorneys,

TATE LAW GROUP

/s/ Alan R. Tate, Esquire
Alan R. Tate, Esquire #1647
Christy B. Durant, Esquire #7128
321 South Main Street, Suite 300
Providence, RI 02903
atate@tatelawri.com
cdurant@tatelawri.com
(401) 421-7400

**DEFENDANT HEREBY CLAIMS A TRIAL BY JURY AND DESIGNATES ALAN R. TATE, ESQUIRE, AS TRIAL COUNSEL**

## CERTIFICATION

I hereby certify that a true and accurate copy of the within was electronically filed via CM/ECF on this 28th day of July 2008, to the following:

William J. Thompson, Esquire
Lubin & Meyer, P.C.
100 City Hall Plaza
Boston, MA 02108

/s/ Deborah A. Ralph

3998.a