UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

RUSSELL SUMNER CORKUM

v. C.A. No.: 08 99 S

THOMAS NG, M.D.

## ANSWER OF DEFENDANT THOMAS NG, M.D. TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Now comes Defendant, Thomas Ng, M.D., (hereinafter from time to time referred to as "defendant" or "this defendant") and hereby answers the Plaintiff's First Amended Complaint herein filed as follows:

## COUNT I

1. Defendant is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 1, and therefore leaves the Plaintiff to his proof.

2. Defendant admits that at all relevant times he was a physician licensed to practice medicine in the State of Rhode Island.

3. Defendant makes no response to the statement contained in Paragraph 3, as said paragraph merely purports to state the claimed basis of jurisdiction in this Court.

4. Defendant makes no response to the statement contained in Paragraph 4, as said paragraph merely purports to state the claimed basis of jurisdiction in this Court.

5. Defendant admits that at all relevant times he was a physician engaged in the practice medicine and was knowledgeable, competent and qualified to diagnose and treat the Plaintiff, as alleged in Paragraph 5; however, Defendant denies that he held himself out to possess any special expertise and skill in the treatment of various illnesses and conditions apart from those possessed by the average practitioner in his field.

6. Defendant specifically denies the allegations contained in Paragraph 6.

7. Defendant specifically denies the allegations contained in Paragraph 7.

8. Defendant specifically denies the allegations contained in Paragraph 8.

**COUNT II**

1. Defendant realleges and reavers his responses to Paragraphs 1 through 5 of Count I the Amended Complaint as fully set forth at length herein.

2. Defendant is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 as to the time period he may have provided medical treatment to the Plaintiff, and therefore leaves the Plaintiff to his proof; however, Defendant specifically denies that he "contracted" with the Plaintiff to provide professional services for lack of knowledge, as to what the meaning of the word "contracted" is this context.

3. Defendant specifically denies the allegations contained in Paragraph 3.

4. Defendant specifically denies the allegations contained in Paragraph 4.

5. Defendant specifically denies the allegations contained in Paragraph 5.

**COUNT III**

1. Defendant realleges and reavers his responses to Paragraphs 1 through 5 of Count I and Paragraphs 1 through 4 of Count II of the Amended Complaint as fully set forth at length herein.

2. Defendant makes no response to the statement contained in Paragraph 2, as said paragraph merely purports to state a general proposition of law.

3. Defendant specifically denies the allegations contained in Paragraph 3.

4. Defendant specifically denies the allegations contained in Paragraph 4.

5. Defendant specifically denies the allegations contained in Paragraph 5.

6. Defendant specifically denies the allegations contained in Paragraph 6.

7. Defendant specifically denies the allegations contained in Paragraph 7.

**COUNT IV**

1. Defendant realleges and reavers his responses to Paragraphs 1 through 5 of Count I, Paragraphs 1 through 4 of Count II and Paragraphs 1 through 6 of Count III of the Amended Complaint as fully set forth at length herein.

2. Defendant specifically denies the allegations contained in Paragraph 2.

## COUNT V

1. Defendant realleges and reavers his responses to Paragraphs 1 through 5 of Count I , Paragraphs 1 through 4 of Count II, and Paragraphs 1 through 6 of Count III of the Amended Complaint as fully set forth at length herein.

2. Defendant specifically denies the allegations contained in Paragraph 2.

## FIRST DEFENSE

Defendant denies all remaining and heretofore unanswered allegations contained in Plaintiff's First Amended Complaint.

## SECOND DEFENSE

Without assuming the burden of proof by doing so, this Defendant asserts that the Plaintiff may have been guilty of conduct that caused and/or contributed to the injuries or damages complained of, and this Defendant asserts all applicable defenses relating to comparative negligence and contributory negligence.

## THIRD DEFENSE

Without assuming the burden of proof by doing so, Defendant asserts all applicable defenses relating to assumption of the risk.

## FOURTH DEFENSE

In the event that the Plaintiff suffered injuries and/or damages as a result of the incident(s) described in the Complaint (which allegations are specifically denied), Defendant avers that such injuries or damages were not caused, directly or indirectly, by any act of omission of Defendant, but such injuries or damages, if any, were caused by the intervening acts or omissions of persons and/or entities other than this Defendant, for which acts or omissions this Defendant is not liable.

## FIFTH DEFENSE

In the event service of process was not effectuated on defendant in accord with the Federal Rules of Civil Procedure Defendant raises all defenses applicable to service of process.

## SIXTH DEFENSE

Defendant reserves the right to add additional defenses as facts become known during the course of pretrial discovery.

**WHEREFORE**, Defendant prays that Plaintiff take nothing by this action, and that Plaintiff pay all costs of defense.

Defendant Thomas Ng, M.D.
By his attorneys,

TATE LAW GROUP

/s/ Alan R. Tate, Esquire

Alan R. Tate, Esquire #1647
Christy B. Durant, Esquire #7128
321 South Main Street, Suite 300
Providence, RI 02903
atate@tatelawri.com
cdurant@tatelawri.com
(401) 421-7400

**DEFENDANT HEREBY CLAIMS A TRIAL BY JURY AND DESIGNATES ALAN R. TATE, ESQUIRE, AS TRIAL COUNSEL**

## CERTIFICATION

I hereby certify that a true and accurate copy of the within was electronically filed via CM/ECF on this 30th day of July 2008, to the following:

William J. Thompson, Esquire
Lubin & Meyer, P.C.
100 City Hall Plaza
Boston, MA 02108

/s/ Jennifer F. LoBello

3998.aa